1   ADRIAN M. PRUETZ - State Bar No. 118215
    apruetz@glaserweil.com
2   ERICA J. VAN LOON - State Bar No. 227712
    evanloon@glaserweil.com
3   JESSICA A. WOOD - State Bar No. 269562
    jwood@glaserweil.com
4   GLASER WEIL FINK JACOBS
      HOWARD AVCHEN & SHAPIRO LLP
5   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
6   Telephone:  (310) 553-3000
    Facsimile:  (310) 556-2920
7
    Attorneys for Plaintiff
8   *Shuffle Master, Inc.*

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11               WESTERN DIVISION

12   SHUFFLE MASTER, INC., a Minnesota       CASE NO.:  CV12-07397-JAK (PLAx)
     corporation,
13
                         Plaintiff,
14                                           **COMPLAINT FOR:**
     v.
15                                           1.  **TRADEMARK**
     HARWIN APPS, INC., an Illinois              **INFRINGEMENT**
16   corporation,
                                             2.  **FEDERAL UNFAIR**
17                       Defendant.              **COMPETITION**

18                                           3.  **COPYRIGHT INFRINGEMENT**

19                                           4.  **CALIFORNIA STATUTORY**
                                                 **UNFAIR COMPETITION**
20
                                             5.  **CALIFORNIA COMMON LAW**
21                                               **UNFAIR COMPETITION**

22
                                             **[JURY TRIAL DEMANDED]**
23

24

25

26

27

28

COMPLAINT

776413

Plaintiff Shuffle Master, Inc. ("SMI" or "Plaintiff") submits the following Complaint against Defendant Harwin Apps, Inc. ("Harwin"), and alleges as follows:

## JURISDICTION AND VENUE

1.     This Complaint arises under the laws of the United States, specifically the trademark laws of the United States, 15 U.S.C. §1114 *et seq.* and the copyright laws of the United States, 17 U.S.C. §101 *et seq.* This Court has original jurisdiction of this action under 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the claims are so related as to form part of the same case or controversy.

2.     This Court has personal jurisdiction over Harwin because Harwin solicits, transacts and does business in California and this District, a substantial part of the wrongful acts or omissions complained of occurred in this District, and Harwin is subject to personal jurisdiction in this District.  Harwin purposefully directed its activities toward this District when it willfully infringed SMI's intellectual property rights, specifically targeted consumers here, and a substantial part of the harm was felt in this District.

3.     Venue is proper in the United States District Court for the Central District of California under  28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

4.     Plaintiff SMI is a Minnesota corporation with its principal place of business at 1106 Palms Airport Drive, Las Vegas, Nevada 89119.

5.     On information and belief, Defendant Harwin is an Illinois corporation doing business at 13352 Meadow Lane, Plainfield, Illinois 60585.

## FACTUAL ALLEGATIONS

### SMI's Proprietary Games and Intellectual Property

6.     For decades, SMI has been a leading global supplier of innovative products and technologies for the gaming industry.  Among other assets, SMI owns a substantial portfolio of proprietary casino table games, electronic table systems,

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

electronic gaming machines and website games, which feature online versions of SMI's table games as well as online play-for-fun games, and associated intellectual property rights.

7.     SMI developed the popular casino games entitled Let It Ride and Three Card Poker, which features a side bet entitled Pair Plus (individually and collectively, the "SMI Games").

8.     SMI has developed and continues to develop electronic versions of its proprietary games, including the SMI Games, for use in connection with online casinos, social gaming sites and mobile applications.

9.     SMI licenses the SMI Games to casino operators located in California, throughout the United States and internationally.

10.     In particular, SMI's proprietary games, including the SMI Games, are extensively licensed to Indian Gaming Casinos throughout Southern California and this District.

11.     SMI earns a substantial portion of its business revenue through licensing the intellectual property associated with SMI's games, including the SMI Games.

12.     SMI is registered to do business in California through the California Secretary of State.

13.     In addition, SMI is registered to do business in fifty-eight counties in California, including every single county in this District.

14.     Further, SMI's products and related services in California and this District are subject to stringent regulation and approval procedures by the California Gambling Control Commission ("CGCC").  Accordingly, SMI has received several licenses from the CGCC, including Manufacturer & Distributor of Gambling Equipment – Vendor and Gaming Vendor Provider.  Additionally, SMI is a registered manufacturer and distributor and is included on the CGCC's list of Gaming Resource Suppliers (Vendors) Found Suitable by the CGCC.

**SMI's Trademarks**

15.    SMI is the owner of several common law and federally registered trademarks which it has continuously used in California and nationwide in connection with entertainment services and games, including the game titles, Let It Ride and Three Card Poker, and the Pair Plus proprietary side bet featured in SMI's Three Card Poker game.

16.    SMI is the owner of a federal trademark registration, Reg. No. 1,840,102 issued by the United States Patent and Trademark Office ("USPTO") on June 14, 1994, for "Let It Ride" for use on or in connection with "entertainment services; namely, providing facilities and resources, including instructions, for playing card games." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  Attached hereto as Exhibit 1  is a true and correct copy of the Certificate of Registration for this mark.

17.    SMI is the owner of a federal trademark registration, Reg. No. 2,178,254 issued by the USPTO on August 4, 1998, for "Let It Ride" for use on or in connection with "computer software for playing games; and video game discs recorded on CD ROM." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  Attached hereto as Exhibit 2  is a true and correct copy of the Certificate of Registration for this mark.

18.    SMI is the owner of a federal trademark registration, Reg. No. 2,183,895 issued by the USPTO on August 25, 1998, for "Let It Ride" for use on or in connection with "entertainment services, namely, conducting games of chance on casino premises." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. Attached hereto as Exhibit 3  is a true and correct copy of the Certificate of Registration for this mark.

19.    SMI is the owner of a federal trademark registration, Reg. No. 2,605,107 issued by the USPTO on August 6, 2002, for "Let It Ride" for use on or in connection

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   with "lottery tickets and game tickets for playing instant games of chance."

2   Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15

3   U.S.C. §§ 1058 and 1065, and this registration is incontestable.  Attached hereto as

4   Exhibit 4  is a true and correct copy of the Certificate of Registration for this mark.

5        20.    SMI is the owner of a federal trademark registration, Reg. No. 2,182,290

6   issued by the USPTO on August 18, 1998, for the "Let It Ride 10 J Q K A 1 2 $"

7   Design depicted below for use on or in connection with "entertainment services,

8   namely, conducting games of chance on casino premises."  Affidavits have been filed

9   pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and

10  this registration is incontestable.  Attached hereto as Exhibit 5  is a true and correct

11  copy of the Certificate of Registration for this mark.



17       21.    SMI is the owner of a federal trademark registration, Reg. No. 2,558,783

18  issued by the USPTO on April 9, 2002, for the "Let It Ride Bonus 12$ A K Q J 10"

19  Design depicted below for use on or in connection with "entertainment services,

20  namely, conducting games of chance on casino premises."  Affidavits have been filed

21  pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and

22  this registration is incontestable.  Attached hereto as Exhibit 6  is a true and correct

23  copy of the Certificate of Registration for this mark.



12
13
14
15
16
24
25
26
27
28

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

776413

22.    SMI is the owner of a federal trademark registration, Reg. No. 3,630,813 issued by the USPTO on June 2, 2009, for the "10 J Q K A 1 2 $ Let It Ride Bonus" Design depicted below for use on or in connection with "gambling machines, namely, stand alone, multiple player, interactive gaming machines with video output." Attached hereto as Exhibit 7  is a true and correct copy of the Certificate of Registration for this mark.



23.    SMI is the owner of a federal trademark registration, Reg. No. 2,100,875 issued by the USPTO on September 30, 1997, for the "10 J Q K A 12 $ Let It Ride The Tournament" Design depicted below for use on or in connection with "entertainment services, namely, promoting, arranging and providing facilities for card game play-off events."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. Attached hereto as Exhibit 8  is a true and correct copy of the Certificate of Registration for this mark.



24.    Reg. No. 1,840,102 for "Let It Ride," Reg. No. 2,178,254 for "Let It Ride," Reg. No. 2,183,895 for "Let It Ride," Reg. No. 2,605,107 for "Let It Ride," Reg. No. 2,182,290 for the "Let It Ride 10 J Q K A 1 2 $" Design, Reg. No. 2,558,783 for the "Let It Ride Bonus 12$ A K Q J 10" Design,  Reg. No. 3,630,813 for the "10 J Q K A 1 2 $ Let It Ride Bonus" Design and Reg. No. 2,100,875 for the

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

5

"10 J Q K A 12 $ Let It Ride The Tournament" Design  are collectively the "LET IT RIDE" trademarks.

25.     SMI is the owner of a federal trademark registration, Reg. No. 3,011,356 issued by the USPTO on November 1, 2005, for the "Three Card Poker" Design depicted below for use on or in connection with "multiple player, stand alone interactive electronic game machine with video output."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  Attached hereto as Exhibit 9  is a true and correct copy of the Certificate of Registration for this mark.



26.     SMI is the owner of a federal trademark registration, Reg. No. 2,650,060 issued by the USPTO on November 12, 2002, for the "Three Card Poker" Design depicted below for use on or in connection with "software for the play of card games."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  Attached hereto as Exhibit 10  is a true and correct copy of the Certificate of Registration for this mark.



27.     SMI is the owner of a federal trademark registration, Reg. No. 4,109,825 issued by the USPTO on March 6, 2012, for the "Three Card Poker" Design depicted below for use on or in connection with "software for providing a game of chance on a gaming platform that enables electronic credit wagering."  Attached hereto as Exhibit

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

776413

11 is a true and correct copy of the Certificate of Registration for this mark.



28.   SMI is the owner of a federal trademark registration, Reg. No. 2,397,403 issued by the USPTO on October 24, 2000, for the "Three Card Poker" Design depicted below for use on or in connection with "entertainment services; namely providing live casino games in gaming establishments." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. Attached hereto as Exhibit 12 is a true and correct copy of the Certificate of Registration for this mark.



29.   SMI is the owner of a federal trademark registration, Reg. No. 2,233,569 issued by the USPTO on March 23, 1999, for the "Three Card Poker" Design depicted below for use on or in connection with "playing cards, layout cloth, and instructions sold as a unit for playing casino card games." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. Attached hereto as Exhibit 13 is a true and correct copy of the Certificate of Registration for this mark.



Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

776413

Glaser·Weil·Fink·Jacobs
Howard·Avchen·&·Shapiro LLP

30.     SMI is the owner of a federal trademark registration, Reg. No. 2,395,326 issued by the USPTO on October 17, 2000, for the Fan Design depicted below for use on or in connection with "entertainment services; namely providing live casino games in gaming establishments." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. Attached hereto as Exhibit 14  is a true and correct copy of the Certificate of Registration for this mark.



31.     SMI is the owner of a federal trademark registration, Reg. No. 2,036,848 issued by the USPTO on February 11, 1997, for the Fan Design depicted below for use on or in connection with "casino card games."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  Attached hereto as Exhibit 15  is a true and correct copy of the Certificate of Registration for this mark.



32.     Reg. No. 3,011,356 for the "Three Card Poker" Design, Reg. No. 2,650,060 for the "Three Card Poker" Design, Reg. No. 4,109,825 for the "Three Card Poker" Design, Reg. No. 2,397,403 for the "Three Card Poker" Design, Reg. No. 2,233,569 for the "Three Card Poker" Design, Reg. No. 2,395,326 for the Fan Design and Reg. No. 2,036,848 for the Fan Design are collectively the "THREE CARD POKER" trademarks.

33.     SMI is the owner of the common law trademark for "Pair Plus" (hereinafter, "PAIR PLUS"), which it has used continuously on or in connection with

776413

1   its proprietary games, including as a proprietary side bet in SMI's Three Card Poker

2   game since at least 1995.

3       34.   SMI has extensively advertised, marketed and promoted the SMI Games

4   using the LET IT RIDE, THREE CARD POKER and PAIR PLUS trademarks which

5   has cemented the public's identification of LET IT RIDE, THREE CARD POKER

6   and PAIR PLUS as designating SMI's products in California and throughout the

7   nation.

8       35.   In particular, consumers have come to recognize one or more distinctive

9   features as designating SMI products including but not limited to the LET IT RIDE,

10   THREE CARD POKER and PAIR PLUS trade names and trademarks and various

11   other SMI trademarks, logos and proprietary designs; SMI's proprietary card shuffler;

12   the trade name of the game and/or logo prominently displayed in the center of the

13   board; three circles enclosing the markings "$," "2" and "1", respectively, displayed

14   on the board; the Pair Plus side bet portrayed as a hollow circle-shaped playing space

15   with "Pair Plus" lettering inside; game odds printed on the board in yellow and white

16   lettering; an overall color scheme of green, yellow, white and red; and other non-

17   functional elements incorporated into SMI's proprietary games.

### SMI's Copyrights

19       36.   SMI is the owner of copyrights in its proprietary Let It Ride Logo

20   depicted below, which was published as early as June 7, 1993.  On December 30,

21   2010, SMI registered the Let It Ride Logo with the United States Copyright Office,

22   Reg.  No. VA1754553.  Attached hereto as Exhibit 16  is a true and correct copy of

23   the Certificate of Registration for this work.



Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

776413

37.    SMI is also the owner of copyrights in its proprietary Three Card Poker featuring Pair Plus Game Design and Layout, which was published as early as January 1, 1996.  On July 28, 2009, SMI registered the Three Card Poker featuring Pair Plus Game Design and Layout with the United States Copyright Office, Reg. No. VA1680816.  Attached hereto as Exhibit 17  is a true and correct copy of the Certificate of Registration for this work.



## Harwin's Wrongful and Infringing Conduct

38.    SMI is informed and believes that Harwin manufactures, markets, distributes, displays and sells electronic games and gaming applications ("apps") for Google and other mobile devices that use the Android operating system and Amazon kindle devices, including the games "Let It Ride!" and "Three Card Poker" which includes a side bet entitled "Pair+" (the "Infringing Apps").

39.    SMI is informed and believes that Harwin distributes the Infringing Apps at least through the Android App Store and Amazon.com. On information and belief, Harwin developed, marketed and/or sold the Infringing Apps for various devices.

40.    SMI is informed and believes that Harwin executed a Developer Distribution agreement with Google Inc., subjecting itself to the laws of the State of California and to personal jurisdiction and venue in California.

41.    In addition, SMI is informed and believes that Harwin owns and operates the website at www.HarwinApps.com, where Harwin distributes the Infringing Apps.

42.    Harwin is not licensed or authorized in any way to use the LET IT RIDE, THREE CARD POKER or PAIR PLUS marks, or any confusingly similar imitations thereof, in connection with the manufacture, marketing, distribution, display and/or

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

776413

1   sale of electronic games.

2      43.    The Infringing Apps sold by Harwin are confusingly similar to and

3   compete with the games sold by SMI and the parties' products are sold through

4   overlapping channels of trade.

5      44.    Harwin's use, offer for sale and sale of confusingly similar imitations of

6   SMI's Let It Ride and Three Card Poker featuring Pair Plus games, using the same or

7   similar marks has deceived, confused and misled consumers and is likely to continue

8   to deceive, confuse and mislead purchasers and prospective purchasers into believing

9   that the Infringing Apps sold by Harwin are manufactured by, authorized by, or in

10  some manner associated with SMI, which they are not.  Attached hereto as Exhibit

11  18  is a true and correct copy of a printout from http://download.cnet.com/ Let-It-

12  Ryde/3000-2647_4-75623718.html showing actual confusion.

13     45.    The actual confusion, mistake and deception, and likelihood of continued

14  confusion, mistake and deception engendered by Harwin's misappropriation of SMI's

15  trademarks is causing irreparable harm to the goodwill symbolized by these marks

16  and the reputation for quality that they embody, in California and in this District. On

17  information and belief, Harwin continues to use, offer for sale and sell confusingly

18  similar imitations of SMI's Let It Ride and Three Card Poker featuring Pair Plus

19  games that compete with the games manufactured and sold by SMI.

20     46.    On information and belief, Harwin willfully, intentionally and

21  maliciously adopted and used confusingly similar imitations of SMI's LET IT RIDE,

22  THREE CARD POKER and PAIR PLUS trademarks in connection with its

23  Infringing Apps.

24     47.    Further, Harwin mixes and matches key distinctive elements from

25  various SMI products, which consumers recognize as designating SMI products, to

26  intentionally mislead consumers including the LET IT RIDE, THREE CARD

27  POKER and PAIR PLUS trade names and trademarks, or confusingly similar

28  imitations thereof, and various other SMI trademarks, logos and proprietary designs;

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

SMI's proprietary card shuffler; the trade name of the game and/or logo prominently displayed in the center of the board; three circles enclosing the markings "$," "2" and "1", respectively, displayed on the board; the PAIR PLUS side bet; game odds displayed in the game; an overall color scheme of green, yellow, white and red; and other non-functional elements incorporated into SMI's proprietary games.

48.     Without authorization or permission from SMI, Harwin copied, distributed advertised and/or sold and continues to copy, distribute, advertise and/or sell unauthorized Let It Ride and Three Card Poker games and apps, which are substantially similar to and copy protected elements of SMI's Games, including SMI's proprietary Let It Ride Logo and Three Card Poker featuring Pair Plus Game Design and Layout.

49.     SMI is informed and believed Harwin copied protected elements of SMI's Games, including SMI's proprietary Let It Ride Logo and Three Card Poker featuring Pair Plus Game Design and Layout willfully and intentionally and with disregard for SMI's rights therein.

50.     In addition, Harwin advertises the Infringing Apps for sale in California and nationwide.

51.     SMI is informed and believes that Harwin is aware of SMI's business activities in California and this District in Indian Gaming Casinos.

52.     SMI is informed and believes that Harwin's sales of the Infringing Apps in California and this District are substantial.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement in Violation of 15 U.S.C. §1114 *et seq.*)

53.     SMI realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

54.     Harwin is manufacturing, marketing, distributing, displaying and selling games and apps in interstate commerce bearing the same and/or confusingly similar imitations of SMI's LET IT RIDE and THREE CARD POKER marks.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

776413

55. Harwin's manufacturing, marketing, distribution, display and sale in commerce of confusingly similar games and apps bearing the same and/or confusingly similar imitations of SMI's LET IT RIDE and THREE CARD POKER marks, as described in this Complaint, is likely to cause confusion, deception and mistake by creating the false and misleading impression that Harwin's products are manufactured, produced, distributed, endorsed, sponsored, approved or licensed by SMI, or are associated or connected with SMI.

56. Harwin has used marks confusingly similar to SMI's federally registered LET IT RIDE and THREE CARD POKER marks in violation of 15 U.S.C. § 1114. Harwin's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additional injury to SMI's goodwill and reputation as symbolized by the registered LET IT RIDE and THREE CARD POKER marks, for which SMI has no adequate remedy at law.

57. Harwin's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with SMI's federally registered LET IT RIDE and THREE CARD POKER marks to SMI's great and irreparable injury.

58. Harwin has caused and is likely to continue causing substantial injury to the public and to SMI, and SMI is entitled to injunctive relief and to recover Harwin's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. §1125)

59. SMI realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

60. Harwin's use, offer for sale, and sale of confusingly similar imitations of SMI's LET IT RIDE, THREE CARD POKER and PAIR PLUS common law marks,

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

776413

as described in this Complaint, has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Apps are manufactured or distributed by SMI, are affiliated, connected, or associated with SMI, or have the sponsorship, endorsement or approval of SMI.

61.     Harwin has made false representations, false descriptions and false designations of SMI's goods in violation of 15 U.S.C. § 1125(a).  Harwin's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to SMI's goodwill and reputation as symbolized by the LET IT RIDE, THREE CARD POKER and PAIR PLUS common law trademarks, for which SMI has no adequate remedy at law.

62.     Harwin's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with SMI's LET IT RIDE, THREE CARD POKER and PAIR PLUS common law trademarks, to the great and irreparable injury of SMI.

63.     Harwin's conduct has caused, and is likely to continue causing, substantial injury to the public and to SMI.  SMI is entitled to injunctive relief and to recover Harwin's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF

### (Copyright Infringement in Violation of 17 U.S.C. §501)

64.     SMI realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

65.     SMI is, and at all relevant times has been, the copyright owner, by way of assignment, of the Let It Ride Logo and the Three Card Poker featuring Pair Plus Game Design and Layout.  SMI owns rights under the Copyright Act to the Let It Ride Logo and the Three Card Poker featuring Pair Plus Game Design and Layout, including the rights to reproduce, distribute and display them.  The Let It Ride Logo

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   and the Three Card Poker featuring Pair Plus Game Design and Layout are wholly

2   original with SMI and, as fixed in tangible media, are copyrightable subject matter

3   under the Copyright Act.

4        66.   SMI asserts that Harwin has copied, distributed, advertised and/or sold

5   and continues to copy, distribute, advertise and/or sell an unauthorized Let It Ride!

6   game and app which is substantially similar to and copies protected elements of

7   SMI's Let It Ride game, including the Let It Ride Logo and an unauthorized Three

8   Card Poker game and app, which is substantially similar to and copies protected

9   elements of SMI's Three Card Poker game, including the Three Card Poker featuring

10  Pair Plus Game Design and Layout.

11       67.   By engaging in this conduct, Harwin has acted in willful disregard of

12  laws protecting SMI's copyrights.  SMI has sustained and will continue to sustain

13  substantial damage to the value of its creative works, specifically including the Let It

14  Ride Logo and the Three Card Poker featuring Pair Plus Game Design and Layout.

15       68.   SMI has suffered and continues to suffer direct and actual damages as a

16  result of Harwin's infringing conduct.  SMI is entitled to recover statutory damages or

17  its actual damages as well as Harwin's profits generated from the promotion,

18  distribution, sale and offer for sale of Harwin's infringing products, pursuant to 17

19  U.S.C. §504, as well as enhanced damages for willful infringement.

20       69.   SMI has no adequate remedy at law and has suffered and continues to

21  suffer irreparable harm and damage, including but not limited to lost sales and

22  business opportunities and damage to SMI's reputation and brand as a result of the

23  above-described acts. SMI is informed and believes, and upon that basis alleges that,

24  unless enjoined by the Court, Harwin's  infringing activity will continue, with

25  attendant and irreparable harm to SMI. Accordingly, SMI seeks preliminary and

26  permanent injunctive relief pursuant to 17 U.S.C. § 502.

27       70.   By reason of the foregoing, SMI has incurred and will continue to incur

28  attorneys' fees and other costs in connection with the prosecution of its claims against

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

Harwin, which SMI is entitled to recover from Harwin pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF

### (California Statutory Unfair Competition in Violation of Cal. Bus. & Prof. Code §17200)

71.     SMI realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

72.     Harwin's acts and practices, as alleged above, constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200.  Harwin has engaged in unlawful, unfair or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code §17200.

73.     Harwin intentionally incorporated distinctive and protected elements from the SMI products into its Infringing Apps, as alleged above, to purposefully trade off the goodwill and reputation of SMI and to confuse and deceive consumers by creating the false and misleading impression that Harwin's products are manufactured, produced, distributed, endorsed, sponsored, approved or licensed by SMI, or are associated or connected with SMI.

74.     At least one or more of Harwin's business actions described herein constitutes an unlawful, unfair or fraudulent business act or practice.

75.     Plaintiff is informed and believes that Harwin performed the acts alleged herein for the purpose of injuring SMI. The acts alleged herein continue to this day and present a threat to SMI, the general public, the trade and consumers.

76.     As a result of Harwin's wrongful acts, SMI has suffered and will continue to suffer loss of income, profits and valuable business opportunities and, if not preliminarily and permanently enjoined, Harwin will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of its wrongful acts.

77.     Pursuant to Cal. Bus. & Prof. Code § 17200, SMI seeks an order of this Court preliminarily and permanently enjoining Harwin from continuing to engage in

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

776413

1  the unlawful, unfair or fraudulent acts or practices set forth herein, as well as

2  restitution or disgorgement of any monies received by Harwin through such acts or

3  practices.

### FIFTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition)

6      78.    SMI realleges and incorporates by reference each and every allegation

7  contained in the above paragraphs as if fully set forth herein.

8      79.    Harwin intended to use SMI's LET IT RIDE, THREE CARD POKER

9  and PAIR PLUS marks, or confusingly similar imitations thereof, in a manner which

10  is likely to confuse and mislead members of the relevant public as to the origin,

11  sponsorship, approval or license of Harwin's products and as to the false association

12  of said products with SMI. Harwin's conduct as alleged herein was intended to

13  confuse and mislead members of the public, and members of the public will believe

14  that SMI sponsored, approved or is affiliated with Harwin and that SMI originated,

15  approved or licensed Harwin's products.

16      80.    Harwin's conduct alleged herein infringes SMI's LET IT RIDE, THREE

17  CARD POKER and PAIR PLUS trademark rights and constitutes passing off and

18  common law unfair competition with SMI, all of which has damaged and will

19  continue to irreparably damage SMI's goodwill and reputation unless restrained by

20  this Court, because SMI has no adequate remedy at law.

21      81.    SMI has suffered and continues to suffer direct and actual damages as a

22  result of Harwin's infringing conduct, including but not limited to lost sales and

23  business opportunities and damage to SMI's reputation and its LET IT RIDE, THREE

24  CARD POKER and PAIR PLUS marks. SMI is entitled to recover its actual damages

25  as well as Harwin's profits generated from the promotion, distribution, sale and offer

26  for sale of Harwin's infringing products.

27      82.    Because Harwin's conduct alleged herein has been intentional,

28  oppressive, malicious, fraudulent and in willful disregard of SMI's rights, SMI is also

*Glaser Weil Fink Jacobs*
*Howard Avchen & Shapiro LLP*

1  entitled to recover punitive and exemplary damages.

2      83.    SMI has suffered, and if Harwin is not enjoined from its wrongful acts of

3  common law trademark infringement, passing off and unfair competition, will

4  continue to suffer great and irreparable injury, loss, and damage to its rights in and to

5  its LET IT RIDE, THREE CARD POKER and PAIR PLUS marks and the goodwill

6  associated therewith for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

8      WHEREFORE, Shuffle Master, Inc. prays that:

9      1.    Harwin and all of its respective agents, officers, employees,

10  representatives, successors, assigns, attorneys, and all other persons acting for, with,

11  by, through or under authority from Harwin, or in concert or participation with

12  Harwin, and each of them, be enjoined preliminarily and permanently, from directly

13  or indirectly infringing SMI' s copyrights or trademarks in any manner including but

14  not limited to:

15      a.  Using, displaying, advertising, promoting, registering, transferring, or

16          assigning, including on or in connection with any products, services,

17          promotional items, domain names or web sites, the Let It Ride game,

18          the Three Card Poker featuring Pair Plus game, the LET IT RIDE,

19          THREE CARD POKER and PAIR PLUS marks, the Let It Ride

20          Logo, the Three Card Poker featuring Pair Plus Game Design and

21          Layout or any confusingly similar variation thereof;

22      b.  Using, offering for sale, or selling, any trademark, logo, design,

23          layout or source designation of any kind on or in connection with

24          Harwin's goods that is likely to cause confusion, mistake, deception,

25          or public misunderstanding that such goods are produced or provided

26          by SMI, are sponsored or authorized by SMI, or are in any way

27          connected or related to SMI;

28      c.  Using, offering for sale, or selling, any trademark, logo, design,

*Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP*

776413

1  layout or source designation of any kind on or in connection with

2  Harwin's goods that dilutes or is likely to dilute the distinctiveness of

3  the trademarks or logos of SMI; and

4     d.  Passing off, palming off, or assisting in passing off or palming off

5  Harwin's goods as those of SMI, or otherwise continuing any and all

6  acts of unfair competition as alleged in this Complaint;

7     e.  Reproducing, distributing, displaying, selling or offering for sale

8  products that copy protected elements of SMI's products, the Let It

9  Ride Logo and the Three Card Poker featuring Pair Plus Game

10  Design and Layout or substantially similar variations thereof;

11     f.  Engaging in acts of Federal or California statutory or common law

12  trademark infringement, copyright infringement, passing off or unfair

13  competition that would damage or injure SMI and or SMI's

14  trademarks, logos and proprietary designs.

15     2.  Harwin be ordered to cease offering for sale, marketing, promoting, and

16  selling, to remove from stores and websites all products bearing SMI's LET IT RIDE,

17  THREE CARD POKER and PAIR PLUS marks, the Let It Ride Logo, the Three Card

18  Poker featuring Pair Plus Game Design and Layout or any confusingly similar

19  variation, which are in Harwin's possession or have been supplied by Harwin or

20  under its authority, to any store or customer, including, but not limited to, any

21  wholesaler, distributor, distribution center, retail store, consignor, or marketer, and

22  also to deliver to each such store or customer a copy of this Court's order as it relates

23  to said injunctive relief against Harwin;

24     3.  Harwin be ordered to deliver up for impoundment and for destruction, all

25  games, apps, bags, boxes, labels, tags, signs, packages, receptacles, advertising,

26  sample books, promotional material, stationary, or other materials in the possession,

27  custody, or under the control of Harwin bearing SMI's trademarks, copyrights or any

28  colorable imitation thereof;

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1    4.    Harwin be compelled to account to SMI for any and all profits derived

2    by Harwin from the sale or distribution of infringing goods as described in this

3    Complaint;

4    5.    That the Court find Harwin's acts of trademark infringement and unfair

5    competition to be knowing and willful, an exceptional case within the meaning of 15

6    U.S.C. § 1117 and 15 U.S.C. §504;

7    6.    That, as to all claims, SMI be awarded damages, including its actual

8    damages (or statutory damages for certain acts of copyright infringement, if SMI so

9    elects), Harwin's profits, treble and punitive damages, as well as its attorneys' fees

10   and costs, in an amount to be ascertained pursuant to applicable laws, including,

11   without limitation, 15 U.S.C. §1117, 15 U.S.C. §504 and California law; and

12   7.    SMI have such other and further relief as the Court may deem just.

14   DATED:  August 28, 2012

15   GLASER WEIL FINK JACOBS
     HOWARD AVCHEN & SHAPIRO LLP

17   By: _Erica J. Van Loon_____

18   ADRIAN M. PRUETZ
     ERICA J. VAN LOON
19   JESSICA A. WOOD
     Attorneys for Plaintiff
20   Shuffle Master, Inc.

21

22

23

24

25

26

27

28

*Glaser Weil Fink Jacobs*
*Howard Avchen & Shapiro LLP*

776413

**JURY TRIAL DEMAND**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and L.R. 38-1, SMI respectfully demands a trial by jury on all issues and claims so triable.

DATED:  August 28, 2012

GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP

By: _____
ADRIAN M. PRUETZ
ERICA J. VAN LOON
JESSICA A. WOOD
Attorneys for Plaintiff
Shuffle Master, Inc.

776413

<u>EXHIBIT 1</u>

Int. Cl.: 41

Prior U.S. Cl.: 107

Reg. No. 1,840,102

## United States Patent and Trademark Office    Registered June 14, 1994

### SERVICE MARK
### PRINCIPAL REGISTER

# LET IT RIDE

SHUFFLE MASTER, INC. (MINNESOTA COR-
PORATION)
10921 VALLEY VIEW ROAD
EDEN PRAIRIE, MN 55344

FOR: ENTERTAINMENT SERVICES;
NAMELY, PROVIDING FACILITIES AND RE-
SOURCES, INCLUDING INSTRUCTIONS, FOR

PLAYING CARD GAMES, IN CLASS 41 (U.S.
CL. 107).
FIRST USE 6-7-1993; IN COMMERCE
6-7-1993.

SN 74-343,652, FILED 12-28-1992.

ELIZABETH A. DUNN, EXAMINING ATTOR-
NEY

<u>EXHIBIT 2</u>

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,178,254

## United States Patent and Trademark Office

Registered Aug. 4, 1998

### TRADEMARK
PRINCIPAL REGISTER

### LET IT RIDE

SHUFFLE MASTER, INC. (MINNESOTA COR-
PORATION)
10901 VALLEY VIEW ROAD
EDEN PRAIRIE, MN 55344

FOR: COMPUTER SOFTWARE FOR PLAY-
ING GAMES; AND VIDEO GAME DISCS RE-
CORDED ON CD ROM, IN CLASS 9 (U.S. CLS.
21, 23, 26, 36 AND 38).

FIRST USE 11-21-1995; IN COMMERCE
11-21-1995.
OWNER OF U.S. REG. NOS. 1,840,102 AND
2,100,875.

SER. NO. 75-298,429, FILED 5-23-1997.

ELISSA GARBER KON, EXAMINING ATTOR-
NEY

<u>EXHIBIT 3</u>

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 2,183,895

## United States Patent and Trademark Office

Registered Aug. 25, 1998

## SERVICE MARK
### PRINCIPAL REGISTER

## LET IT RIDE

SHUFFLE MASTER, INC. (MINNESOTA COR-
PORATION)
10901 VALLEY VIEW ROAD
EDEN PRAIRIE, MN 55344

FOR: ENTERTAINMENT SERVICES,
NAMELY, CONDUCTING GAMES OF
CHANCE ON CASINO PREMISES, IN CLASS 41
(U.S. CLS. 100, 101 AND 107).

FIRST USE 6-7-1993; IN COMMERCE
6-7-1993.
OWNER OF U.S. REG. NOS. 1,840,102 AND
2,100,875.

SER. NO. 75-318,481, FILED 6-27-1997.

ELISSA GARBER KON, EXAMINING ATTOR-
NEY

<u>EXHIBIT 4</u>

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38, and 50

Reg. No. 2,605,107

## United States Patent and Trademark Office

Registered Aug. 6, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## LET IT RIDE

SHUFFLE MASTER, INC. (MINNESOTA COR-
PORATION)
1106 PALMS AIRPORT DRIVE
LAS VEGAS, NV 89119

FOR: LOTTERY TICKETS AND GAME TICKETS
FOR PLAYING INSTANT GAMES OF CHANCE, IN
CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 2-1-2002; IN COMMERCE 2-1-2002.

OWNER OF U.S. REG. NOS. 1,840,102, 2,206,795,
AND OTHERS.

SN 75-529,194, FILED 7-31-1998.

ELISSA GARBER KON, EXAMINING ATTORNEY

## EXHIBIT 5

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 2,182,290

## United States Patent and Trademark Office

Registered Aug. 18, 1998

### SERVICE MARK
### PRINCIPAL REGISTER



SHUFFLE MASTER, INC. (MINNESOTA COR-
  PORATION)
10901 VALLEY VIEW ROAD
EDEN PRAIRIE, MN 55344

   FOR: ENTERTAINMENT SERVICES,
NAMELY, CONDUCTING GAMES OF
CHANCE ON CASINO PREMISES, IN CLASS 41
(U.S. CLS. 100, 101 AND 107).

FIRST USE 6–7–1993; IN COMMERCE
6–7–1993.
   OWNER OF U.S. REG. NOS. 1,840,102 AND
2,100,875.

SER. NO. 75–318,479, FILED 6–27–1997.

ELISSA GARBER KON, EXAMINING ATTOR-
NEY

<u>EXHIBIT 6</u>

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 2,558,783

## United States Patent and Trademark Office

Registered Apr. 9, 2002

### SERVICE MARK
### PRINCIPAL REGISTER



SHUFFLE MASTER, INC. (MINNESOTA COR-
PORATION)
10901 VALLEY VIEW ROAD
EDEN PRAIRIE, MN 55344

FOR: ENTERTAINMENT SERVICES, NAMELY,
CONDUCTING GAMES OF CHANCE ON CASINO
PREMISES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-21-1997; IN COMMERCE 5-21-1997.

OWNER OF U.S. REG. NOS. 1,840,102, 2,380,320
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BONUS", APART FROM THE
MARK AS SHOWN.

SER. NO. 76-289,205, FILED 7-23-2001.

EDWARD TIMBERLAKE, EXAMINING ATTOR-
NEY

**EXHIBIT 7**

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,630,813
Registered June 2, 2009

## TRADEMARK
### PRINCIPAL REGISTER



SHUFFLE MASTER, INC. (MINNESOTA COR-
PORATION)
1106 PALMS AIRPORT DRIVE
LAS VEGAS, NV 89119

FOR: GAMBLING MACHINES, NAMELY,
STAND ALONE, MULTIPLE PLAYER, INTERAC-
TIVE GAMING MACHINES WITH VIDEO OUTPUT,
IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-28-2005; IN COMMERCE 6-28-2005.

OWNER OF U.S. REG. NOS. 2,100,875, 2,558,783
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BONUS", APART FROM THE
MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDING "LET
IT RIDE" SET INSIDE AN OVAL, PLACED ABOVE A
SMALLER OVAL CONTAINING THE WORDING
"BONUS" AND BELOW THREE SMALL CIRCLES
FEATURING THE NUMBERS "1" AND "2" AND
THE DOLLAR SYMBOL, ALL SUPERIMPOSED
OVER A STYLIZED DEPICTION OF FIVE PLAYING
CARDS, SPECIFICALLY THE ACE, KING, QUEEN,
JACK AND TEN OF CLUBS.

SER. NO. 77-599,844, FILED 10-24-2008.

MICHAEL GAAFAR, EXAMINING ATTORNEY

**EXHIBIT 8**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 2,100,875

Registered Sep. 30, 1997

## SERVICE MARK
### PRINCIPAL REGISTER



SHUFFLE MASTER, INC. (MINNESOTA COR-
PORATION)
10921 VALLEY VIEW ROAD
EDEN PRAIRIE, MN 55344

FOR: ENTERTAINMENT SERVICES,
NAMELY, PROMOTING, ARRANGING AND
PROVIDING FACILITIES FOR CARD GAME
PLAY-OFF EVENTS, IN CLASS 41 (U.S. CLS.
100, 101 AND 107).

FIRST USE 5–31–1995; IN COMMERCE
5–31–1995.

OWNER OF U.S. REG. NO. 1,840,102.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "TOURNAMENT" AND THE
SPECIFIC DENOMINATION OR PRESENCE OF
THE PLAYING CARDS, APART FROM THE
MARK AS SHOWN.

THE LINING AND STIPPLING ON THE
MARK IS FOR SHADING PURPOSES ONLY
AND DOES NOT INDICATE COLOR.

SER. NO. 75–066,898, FILED 3–4–1996.

SOPHIA F. KIM, EXAMINING ATTORNEY

EXHIBIT 9

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

Reg. No. 3,011,356

## United States Patent and Trademark Office

Registered Nov. 1, 2005

### TRADEMARK
### PRINCIPAL REGISTER



SHUFFLE MASTER, INC. (MINNESOTA COR-
 PORATION)
1106 PALMS AIRPORT DRIVE
LAS VEGAS, NV 891193730

FOR: MULTIPLE PLAYER, STAND ALONE IN-
TERACTIVE ELECTRONIC GAME MACHINE
WITH VIDEO OUTPUT, IN CLASS 28 (U.S. CLS. 22,
23, 38 AND 50).

FIRST USE 9-16-2003; IN COMMERCE 9-16-2003.

OWNER OF U.S. REG. NOS. 2,233,569, 2,917,863
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "THREE CARD POKER", APART
FROM THE MARK AS SHOWN.

SER. NO. 78-481,913, FILED 9-10-2004.

ALEX KEAM, EXAMINING ATTORNEY

EXHIBIT 10

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 2,650,060
Registered Nov. 12, 2002

## TRADEMARK
### PRINCIPAL REGISTER



SHUFFLE MASTER, INC. (MINNESOTA COR-
PORATION)
10901 VALLEY VIEW ROAD
EDEN PRAIRIE, MN 55344

FOR: SOFTWARE FOR THE PLAY OF CARD
GAMES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-27-2000; IN COMMERCE 9-27-2000.

OWNER OF U.S. REG. NOS. 2,036,848 AND
2,233,569.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "THREE CARD POKER", APART
FROM THE MARK AS SHOWN.

SN 75-982,062, FILED 4-1-1999.

ANNE MADDEN, EXAMINING ATTORNEY

## EXHIBIT 11

# United States of America
## United States Patent and Trademark Office



Reg. No. 4,109,825

Registered Mar. 6, 2012

Int. Cl.: 9

TRADEMARK

PRINCIPAL REGISTER

SHUFFLE MASTER, INC. (MINNESOTA CORPORATION)
1106 PALMS AIRPORT DRIVE
LAS VEGAS, NV 89119

FOR: SOFTWARE FOR PROVIDING A GAME OF CHANCE ON A GAMING PLATFORM THAT ENABLES ELECTRONIC CREDIT WAGERING, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-15-2010; IN COMMERCE 11-15-2010.

OWNER OF U.S. REG. NOS. 2,233,569, 2,397,403, AND 2,650,060.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THREE CARD POKER", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE OUTLINE OF THREE PLAYING CARDS WITH A DIAMOND DESIGN ON THE FACE OF EACH CARD WITH "THREE CARD POKER" UNDER THE PLAYING CARDS.

SN 85-177,369, FILED 11-15-2010.

JOHN DWYER, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

<u>**EXHIBIT 12**</u>

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 2,397,403

## United States Patent and Trademark Office
Registered Oct. 24, 2000

### SERVICE MARK
### PRINCIPAL REGISTER



SHUFFLE MASTER, INC. (MINNESOTA CORPORA-
TION)
1106 PALMS AIRPORT DRIVE
LAS VEGAS, NV 891193730

FOR: ENTERTAINMENT SERVICES; NAMELY
PROVIDING LIVE CASINO GAMES IN GAMING ES-
TABLISHMENTS, IN CLASS 41 (U.S. CLS. 100, 101
AND 107).

FIRST USE 9–0–1995; IN COMMERCE 9–0–1995.

OWNER OF U.S. REG. NOS. 2,036,848 AND
2,233,569.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT
TO USE "THREE CARD POKER", APART FROM
THE MARK AS SHOWN.

SER. NO. 75–726,664, FILED 6–11–1999.

ANNE MADDEN, EXAMINING ATTORNEY

EXHIBIT 13

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,233,569
Registered Mar. 23, 1999

## TRADEMARK
### PRINCIPAL REGISTER



WEBB, DEREK J. (UNITED KINGDOM CITI-ZEN)
21 ELGIN AVENUE
LITTLEOVER DERBY, GREAT BRITAIN DE23 7SE

FOR: PLAYING CARDS, LAYOUT CLOTH, AND INSTRUCTIONS SOLD AS A UNIT FOR PLAYING CASINO CARD GAMES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 3–20–1995; IN COMMERCE 3–20–1995.

OWNER OF U.S. REG. NO. 2,036,848.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THREE CARD POKER", APART FROM THE MARK AS SHOWN.

SER. NO. 75–344,769, FILED 8–21–1997.

KIMBERLY KREHELY, EXAMINING ATTOR-NEY

## EXHIBIT 14

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 2,395,326

**United States Patent and Trademark Office**   Registered Oct. 17, 2000

## SERVICE MARK
### PRINCIPAL REGISTER



SHUFFLE MASTER, INC. (MINNESOTA CORPORA-
TION)
10901 VALLEY VIEW ROAD
EDEN PRAIRIE, MN 55344

FOR: ENTERTAINMENT SERVICES; NAMELY
PROVIDING LIVE CASINO GAMES IN GAMING ES-
TABLISHMENTS, IN CLASS 41 (U.S. CLS. 100, 101
AND 107).

FIRST USE 9–0–1995; IN COMMERCE 9–0–1995.

OWNER OF U.S. REG. NOS. 2,036,848 AND
2,233,569.

SER. NO. 75–726,665, FILED 6–11–1999.

ANNE MADDEN, EXAMINING ATTORNEY

**EXHIBIT 15**

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

Reg. No. 2,036,848

## United States Patent and Trademark Office

Registered Feb. 11, 1997

### TRADEMARK
### PRINCIPAL REGISTER



WEBB, DEREK J. (UNITED KINGDOM CITIZEN)
21 ELGIN AVE.
LITTLEOVER DERBY, GREAT BRITAIN DE23 7SE

FOR: CASINO CARD GAMES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 3-20-1995; IN COMMERCE 3-20-1995.

THE MARK CONSISTS, IN PART, OF A STYLIZED REPRESENTATION OF PLAYING CARDS.

SER. NO. 75-035,315, FILED 12-21-1995.

STEVEN R. FINE, EXAMINING ATTORNEY

<u>**EXHIBIT 16**</u>

Additional Certificate (17 U.S.C. 706)

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-754-553

**Effective date of
registration:**

December 30, 2010

---

## Title

**Title of Work:** LET IT RIDE logo artwork

## Completion/ Publication

**Year of Completion:** 1993

**Date of 1st Publication:** June 7, 1993    **Nation of 1st Publication:** United States

## Author

**Author:** Thomas Puckett Marketing, Advertising and Public Relations, Inc.

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Shuffle Master, Inc.

1106 Palms Airport Drive, Las Vegas, NV, 89119, United States

**Transfer Statement:** By written agreement

## Rights and Permissions

**Organization Name:** Weide & Miller, Ltd.

**Telephone:** 702-382-4804

**Address:** 7251 W. Lake Mead Blvd.

Ste. 530
Las Vegas, NV 89128  United States

## Certification

**Name:** Ryan Gile

**Date:** December 30, 2010

**Applicant's Tracking Number:** SHUFLE.0158C / CR0279.ap.US

---

Page 1 of 1

**Registration #:**    VA0001754553

**Service Request #:**   1-541047852

Weide & Miller, Ltd.
Ryan Gile
7251 W Lake Mead Blvd.
Ste. 530
Las Vegas, NV 89128  United States



**EXHIBIT 17**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-680-816

Effective date of
registration:

July 28, 2009

## Title ───────────────────────────

Title of Work: Three Card Poker

## Completion/ Publication ───────────────

Year of Completion: 1995

Date of 1st Publication: January 1, 1996          Nation of 1st Publication: United States

## Author ───────────────────────────

- Author: Derek Webb

Author Created: 2-D artwork

Citizen of: United Kingdom

Year Born: 1950

## Copyright claimant ──────────────────

Copyright Claimant: Shuffle Master, Inc.

1106 Palms Airport Drive, Las Vegas, NV, 89119

Transfer Statement: By written agreement

## Rights and Permissions ─────────────────

Organization Name: Weide & Miller, Ltd.

Name: Ryan Gile

Email: rgile@weidemiller.com          Telephone: 702-382-4804

Address: 7251 W. Lake Mead Blvd.

Ste. 530

Las Vegas, NV 89128

## Certification ──────────────────────

Name: Ryan Gile

Date: July 28, 2009

Applicant's Tracking Number: SHUFLE.0113C



<u>**EXHIBIT 18**</u>



Let It Ryde - CNET Download.com - Mozilla Firefox

File   Edit   View   History   Bookmarks   Tools   Help

Kardwell.com : Three Card Poker Layouts

download.cnet.com/Let-It-Ryde/3000-2647_4-75623718.html?tag=searchDropDownForm

Harwin Apps - Software Publisher Profile

The HP ENVY 6 Sleekbook

Let It Ryde - CNET Download.com

# Let It Ryde

Home > Android Apps > Games > Cards & Lottery > Let It Ryde

Visit Site

Average User Rating
Be the first to rate this product!

Overview    User Reviews    Full Specs

## Publisher's Description

From Harwin Apps: Let It Ride is a fun poker game. It is easy to learn and can be played hours
on end. Master your strategy on this game and then hit the tables at Vegas.*Paid Version-Up t0
$250 dollar bets on bonus.-Saves your money between playing-Choice of 5 decks of cards~You
can set a timer to keep track of your winnings or losings-Probability Calculator(Can simulate up
to 20,000 hands and give you the amount of paying hands)-A good way to learn the game before
awkwardly sitting at a table and watching everyone else play.-Look at Payout Table and How To
Play for more information on the different hands and what pays.GAME FEATURES-3 Card
Bonus-Button to bet and deal using previous bet-Overall good and very accurate game
play-Only Let it Ride Game on the market as of 7/21/2012-If you have any suggestions with
adding a feature email me and I will do my best to add it! Seriously, most of the updates are
things things that users wanted.-Support Independent DevelopersRecent changes:UPDATE
2.9-fixed the crash that a few people experienced.UPDATE 2.7-added $250 chipContent rating:
Medium Maturity

The HP ENVY 6 Sleekbook

## Samsung Galaxy 3 Sale
40% Off On Samsung Galaxy 3 Jaw Dropping
Offers - Shop With Us
DealHunter.us

## Stunning Hold'em Tables
The Premium Poker Table Company Customizable
+ Free Shipping
www.BBOPokerTables.com

## Play Slot Machine
Choose from Tons of Free Games with the iWon
Toolbar - Win Big Prizes!
www.iwon.com

## Play Solitaire Game
Choose From Dozens Of Free Games - Always
100% Free To Play!
www.GamingWonderland.com

## Download Free Solitaire



# Harwin Apps

**Narrow Results**

By Price
- [ ] Purchase (2)

By Category
- [ ] Cards & Lottery (2)

By Operating System
- [ ] Android (2)
- [ ] Android 2.1 (1)
- [ ] Android 2.2 (1)
- [ ] Android 2.3.3 - Android 2.3.7 (1)

Software Publisher Profile

Harwin Apps has not created a publisher profile.

Products from Harwin Apps

Show [10 ▾] results per page        Sort by: [Downloads Last Week ▾]

**Pai Gow Poker**
Android · Version 1.0.5 · Added on 12/08/2011
"Play the best Pai Gow Poker on the Android Market"In this popular casino table game, try to beat the dealer with your best five card and two card...

Be the first user to review this product!

Web site
http://harwinapps.com

Support web site
Not provided

Support e-mail
Not provided

Support phone
Not provided

2
total downloads

2
last week

Buy now ⊘
Add to my list

**Let It Ryde**
Android · Version 2.9 · Added on 07/29/2012
Let It Ride is a fun poker game. It is easy to learn and can be played hours on end. Master your strategy on this game and then hit the tables at...

Be the first user to review this product!

2
total downloads

2
last week

Buy now ⊘
Add to my list

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 7397 JAK (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUFFLE MASTER, INC., a Minnesota corporation,<br><br><br>PLAINTIFF(S)<br><br>v.<br><br>HARWIN APPS, INC., an Illinois corporation,<br><br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-07397-JAK (PLAX)**<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Adrian M. Pruetz_____, whose address is _10250 Constellation Blvd., 19th Floor, Los Angeles, California 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG  2 8 2012__                       By: ___ANDRES PEDRO_____
                                                      Deputy Clerk

                                                   (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

©COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SHUFFLE MASTER, INC., a Minnesota corporation | HARWIN APPS, INC., an Illinois corporation, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ADRIAN M. PRUETZ, GLASER WEIL, et al. 10250 Constellation Boulevard, 19th Floor Los Angeles, California 90067 Telephone: (310) 553-3000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ Damages according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement and Unfair Comp. (15 U.S.C. §§1114 & 1125, et seq.); Copyright Infringement (17 U.S.C. §101 et seq); Cal. Unfair Comp. (B&P §17200)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-07397 JAK (PLAx)

**FOR OFFICE USE ONLY:** Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) CIVIL COVER SHEET Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State if other than California; or Foreign Country |
|---|---|
|  | Clark County, Nevada (Shuffle Master, Inc.) |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State if other than California; or Foreign Country |
|---|---|
|  | Will County, Illinois (Harwin Apps, Inc.) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date August 28, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |