ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA A. WOOD - State Bar No. 269562
jwood@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
*Shuffle Master, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHUFFLE MASTER, INC., a Minnesota corporation,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HARWIN APPS, INC., an Illinois corporation,<br><br>　　　　　　　Defendants. | CASE NO.: CV12-07397 JAK (PLAx)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>**JS-6** |

Having considered the Complaint on file in this action and Shuffle Master, Inc. ("SMI") on the one hand and Harwin Apps, Inc., an Illinois corporation ("HARWIN"), on the other, having consented to the terms of the permanent injunction set forth below, this Court hereby finds as follows:

1.  This case arises under the laws of the United States, specifically the trademark and copyright laws of the United States, 15 U.S.C. §1114 *et seq.* and 17 U.S.C. §101 *et seq.* and the laws of the State of California.

2.  This Court has original jurisdiction of this action under 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the claims are so related as to form part of the same case or controversy.

3.  This Court has personal jurisdiction over HARWIN because it solicits, transacts and does business in this District, a substantial part of the wrongful acts or omissions complained of occurred in this District, and it is subject to personal jurisdiction in this District.  HARWIN purposefully directed its activities toward this District when it willfully infringed SMI's intellectual property rights, specifically targeted consumers here, and a substantial part of the harm was felt in this District.

4.  Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b) and (c).

5.  SMI owns and extensively uses several trademarks, which it has continuously used in connection with entertainment services and games, including but not limited to: "Let It Ride," U.S. Trademark Registration Numbers ("Reg. Nos.") 1,840,102; 2,178,254; 2,183,895; and 2,605,107; "Let It Ride 10 J Q K A 1 2 $" Design, Reg. No. 2,182,290; "Let It Ride Bonus 12$ A K Q J 10" Design, Reg. No. 2,558,783; "10 J Q K A 1 2 $ Let It Ride Bonus" Design, Reg. No. 3,630,813; and "10 J Q K A 12 $ Let It Ride The Tournament" Design, Reg. No. 2,100,875 (collectively, "LET IT RIDE"); "Three Card Poker" Design, Reg. Nos. 3,011,356; 2,650,060; 4,109,825; 2,397,403; and 2,233,569; Fan Design, Reg. Nos. 2,395,326

and 2,036,848 (collectively, "THREE CARD POKER"); and the common law trademark for "Pair Plus" ( "PAIR PLUS").

6. SMI is also the owner of exclusive copyrights in its proprietary Let It Ride Logo, United States Copyright Reg. No. VA1754553 and Three Card Poker featuring Pair Plus Game Design and Layout, Reg. No. VA1680816.

7. The above-identified trademark and copyright registrations are valid and subsisting and are conclusive evidence of SMI's ownership of and right to use the marks and designs shown therein in connection with entertainment services and games.

8. On August 28, 2012, SMI filed a Complaint alleging, *inter alia*, that HARWIN manufactures, markets, distributes, displays and sells electronic games and gaming applications ("apps") for Google and other mobile devices that use the Android operating system and Amazon kindle devices, including the games "Let It Ride!" and "Three Card Poker" which includes a side bet entitled "Pair+" (the "Infringing Apps").

9. The Infringing Apps are confusingly similar to SMI's trademarks and are available through at least the Android App Store and Amazon.com.

10. SMI has no adequate remedy at law and the alleged harm to SMI and to the public outweighs the harm to any legitimate interests of HARWIN.

11. SMI, on the one hand, and HARWIN, on the other, desire to avoid the cost and expense of trial and to resolve the referenced disputes in a business-like fashion, but intend that the Court retain continuing jurisdiction in the event of the breach of the separate settlement agreement between SMI and HARWIN relating to this case (the "Settlement Agreement") or this Consent Judgment and Permanent Injunction, or other need for judicial intervention.

In accordance with the Settlement Agreement, the parties hereto stipulate and agree to this consent judgment and to the entry of a permanent injunction against HARWIN in the form set forth below.

It is hereby ORDERED, ADJUDGED, and DECREED that:

1. <u>SMI's Trademarks and Copyrights are Valid and Enforceable</u>. SMI's LET IT RIDE, THREE CARD POKER and PAIR PLUS marks and copyrights are arbitrary, valid and enforceable, with U.S. Trademark Reg. Nos. 1,840,102; 2,178,254; 2,183,895; 2,605,107; 2,182,290; 2,558,783; 2,100,875; 3,011,356; 2,650,060; 2,397,403; 2,233,569; 2,395,326; and 2,036,848 being incontestable.

2. <u>Permanent Injunction</u>. HARWIN, and all of its respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from HARWIN, or in concert or participation with HARWIN, and each of them, are **permanently enjoined and restrained**, from directly or indirectly infringing SMI's trademarks or copyrights in any manner, including but not limited to:

   a. Using, displaying, advertising, promoting, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, domain names or web sites, the Let It Ride game, the Three Card Poker featuring Pair Plus game, the LET IT RIDE, THREE CARD POKER and PAIR PLUS marks, the Let It Ride Logo, the Three Card Poker featuring Pair Plus Game Design and Layout or any confusingly similar variation thereof;

   b. Using, offering for sale, or selling, any trademark, logo, design, layout or source designation of any kind on or in connection with HARWIN's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by SMI, are sponsored or authorized by SMI, or are in any way connected or related to SMI;

   c. Using, offering for sale, or selling, any trademark, logo, design, layout or source designation of any kind on or in connection with

HARWIN's goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of SMI;

    d.    Passing off, palming off, or assisting in passing off or palming off HARWIN's goods as those of SMI, or otherwise continuing any and all acts of unfair competition as alleged in the Complaint;

    e.    Reproducing, distributing, displaying, selling or offering for sale products that copy protected elements of SMI's products, the Let It Ride Logo and the Three Card Poker featuring Pair Plus Game Design and Layout or substantially similar variations thereof; and

    f.    Engaging in acts of Federal copyright infringement or Federal or California statutory or common law trademark infringement, passing off or unfair competition that would damage or injure SMI and or SMI's trademarks, logos and proprietary designs.

3.    <u>Payment of Settlement Sum</u>. HARWIN shall pay SMI the agreed upon sum on the date set forth in the Settlement Agreement.

4.    <u>Service</u>. Service may be made upon HARWIN by mail addressed as follows: Harwin Apps, Inc., Attn: Dan Harms and Matt Erwin, 13352 Meadow Lane, Plainfield, Illinois 60585. A copy of this Consent Judgment and Permanent Injunction shall be deemed sufficient notice under Federal Rule of Civil Procedure 65. Such service is permissible, notwithstanding HARWIN's representation by counsel. It shall not be necessary for Dan Harms or Matt Erwin to sign any form of acknowledgment of this service.

5.    <u>Retention of Jurisdiction to Enforce Settlement Agreement and Consent Judgment and Permanent Injunction</u>. The Court retains jurisdiction to enforce this Settlement Agreement and the Consent Judgment and Permanent Injunction.

6.    <u>Entry of Judgment</u>. The Court expressly determines that there is no just reason for delay in entering this Consent Judgment and Permanent Injunction pursuant to Federal Rule of Civil Procedure 54(a), and the Court enters this Consent

Judgment and Permanent Injunction against HARWIN.

7. <u>Dismissal of Claims</u>. The claims asserted in SMI's Complaint against HARWIN are hereby dismissed, with each party bearing its own costs, including attorneys' fees.

**STIPULATED AND CONSENTED TO BY:**

DATED: September ___, 2012     SHUFFLE MASTER, INC.

By: _____
Kathryn S. Lever
General Counsel

DATED: September ___, 2012     HARWIN APPS, INC.

By: _____

Name: _____

Title: _____

IT IS SO ORDERED.

DATED: September 27, 2012     By: _____
HON. JOHN A. KRONSTADT
United States District Court Judge

778898

1  Judgment and Permanent Injunction against HARWIN.

2    7.    <u>Dismissal of Claims</u>. The claims asserted in SMI's Complaint against
3  HARWIN are hereby dismissed, with each party bearing its own costs, including
4  attorneys' fees.

**STIPULATED AND CONSENTED TO BY:**

DATED: September 25, 2012        SHUFFLE MASTER, INC.

By: _____
Kathryn S. Lever
General Counsel

DATED: September ___, 2012       HARWIN APPS, INC.

By: _____

Name: _____

Title: _____

IT IS SO ORDERED.

DATED: _____        By: _____
                                 HON. JOHN A. KRONSTADT
                                 United States District Court Judge

Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP

Judgment and Permanent Injunction against HARWIN.

7. <u>Dismissal of Claims</u>. The claims asserted in SMI's Complaint against HARWIN are hereby dismissed, with each party bearing its own costs, including attorneys' fees.

**STIPULATED AND CONSENTED TO BY:**

DATED: September ___, 2012   SHUFFLE MASTER, INC.

By: _____
Kathryn S. Lever
General Counsel

DATED: September 24, 2012   HARWIN APPS, INC.

By: _____

Name: Daniel Harms

Title: President

IT IS SO ORDERED.

DATED: _____   By: _____
HON. JOHN A. KRONSTADT
United States District Court Judge